IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAROL TIMS, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> LGE COMMUNITY CREDIT UNION, <br><br> Defendant. | CIVIL ACTION FILE <br><br> NO. 1:15-CV-04279-TWT |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1.    Description of Case:**

**(a) Describe briefly the nature of this action.**

This is a putative consumer class action in which Plaintiff alleges that LGE Community Credit Union ("LGE") breached its account agreements with Plaintiff by assessing an overdraft fee even when her account had a positive "ledger" balance, but her "available" balance was negative.  Plaintiff also alleges that LGE violated the Electronic Fund Transfer Act because its Opt-In Agreement did not adequately disclose its practice of assessing overdraft fees based on available balance.  LGE denies Plaintiff's allegations and disputes that this matter can be certified as a class action under Fed. R. Civ. P. 23.

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff asserts that LGE contractually promised that it would not assess an overdraft fee when there was enough money in the account to cover the transaction. LGE's Account Agreement states that an overdraft occurs when "an item is presented without sufficient funds in [the customer's] account." A separate agreement, referred to as the Opt-In Agreement, similarly defines an overdraft as occurring when there is not enough money in the account to a cover a transaction, but LGE pays it anyway. LGE was required to enter into the Opt-In Agreement with its customers before it could charge overdraft fees for debit card transactions because, since July 2010, federal Regulation E has so required.

Plaintiff alleges that rather than adhere to aforementioned contractual language LGE's actually ignores whether there is sufficient money in the account – i.e., the actual balance or ledger balance – to cover a transaction and instead automatically assesses overdraft fees based on an artificial internal calculation called the "available balance." The available balance subtracts from the actual balance amounts of debit card transactions which have been approved by LGE but may not be paid for days. The result is that LGE charges its customers overdraft fees in situations when there is enough money in the account to pay the items.

Plaintiff's First Amended Complaint shows multiple instances when she was assessed a $30 fee even though LGE never even had to cover a lack of funds in the account. For example, Ms. Tims was charged an overdraft fee of $30 June 29, 2013 and again on September 17, 2013 despite having enough money in her account to cover the transaction. Plaintiff alleges this practice is in breach of both LGE's Account Agreement and Opt-In Agreement and is also a violation of Regulation E (12 C.F.R. § 1005.17(b)(1)(i)).

LGE contends it never promised in either its account agreement or the Model Form to assess overdraft fees based on a member's so-called "ledger" balance. To the contrary, the LGE asserts the account agreement makes clear that overdrafts are determined on the basis of "available" funds in the member's account. The terms "ledger" or "actual" balance do not appear in any of LGE's agreements. LGE contends the account agreement states that Tims will overdraw her account when she does not have funds available to cover a one-time debit card or ATM transaction.

Moreover, LGE maintains it complied with the EFTA by using the Model Form to opt its members in to an overdraft service that assesses fees based on the available balance.

LGE believes that if the language of the Model Form were unclear (and it is not), liability cannot and should not be imposed against LGE because it relied on the regulations and used the form in good faith. The EFTA safe harbor provision – which protects institutions that utilize "an appropriate model clause" – shields financial institutions that used the form from liability. *See* 15 U.S.C. § 1693m(d)(2). Moreover, any retroactive application of liability based on an interpretation of the Model Form to mean solely assessing fees based on a member's ledger balance would, in LGE's opinion, run afoul of due process principles because the federal government failed to provide fair (or any) notice of that interpretation.

**(c)     The legal issues to be tried are as follows:**

Whether Defendant's breached their contractual obligations in connection with the assessment of overdraft fees?

Whether Defendant's conduct breached the covenant of good faith and fair dealing?

Whether Defendant violated the Electronic Funds Transfer Act and Regulations?

The nature and amount of Plaintiff's damages?

Should Plaintiff's proposed classes be certified?

(d) **The cases listed below (include both style and action number) are:**

**(1) Pending Related Cases:** None

**(2) Previously Adjudicated Related Cases:** None

2. **This case is complex because it possesses one or more of the features listed below (please check):**

    \_\_\_\_\_ **(1) Unusually large number of parties**

    \_\_\_\_\_ **(2) Unusually large number of claims or defenses**

    \_\_\_\_\_ **(3) Factual issues are exceptionally complex**

  **X**   **(4) Greater than normal volume of evidence**

  **X**   **(5) Extended discovery period is needed**

    \_\_\_\_\_ **(6) Problems locating or preserving evidence**

    \_\_\_\_\_ **(7) Pending parallel investigations or action by government**

    \_\_\_\_\_ **(8) Multiple use of experts**

    \_\_\_\_\_ **(9) Need for discovery outside United States boundaries**

    \_\_\_\_\_ **(10) Existence of highly technical issues and proof**

  **X**   **(11) Unusually complex discovery of electronically stored information.**

LGE does not believe that any extended discovery is required. LGE agrees that there is potentially a greater than normal volume of electronically stored information because Plaintiff's counsel will seek production of substantially all of

LGE's customer transactional data, for which LGE will request cost sharing. Plaintiff will oppose any request for cost sharing.

3.  **Counsel:**

    **The following individually-named attorneys are hereby designated as lead counsel for the parties:**

    | | |
    |---|---|
    | **Plaintiff:** | E. Adam Webb<br>WEBB, KLASE & LEMOND, LLC<br>1900 The Exchange, SE, Suite 480<br>Atlanta, Georgia 30339 |
    | **Defendant:** | Brandon J. Wilson<br>HOWARD & HOWARD ATTORNEYS PLLC<br>450 West Fourth Street<br>Royal Oak, MI 48067 |

4.  **Jurisdiction:**

    **Is there any question regarding this Court's jurisdiction?**

    **Plaintiff says: No.**

    **LGE says: Yes.**

5.  **Parties to This Action:**

    **(a) The following persons are necessary parties who have not been joined:** None known at present.

**(b) The following persons are improperly joined as parties:** None known at present.

**(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:** None known at present.

**(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

6.     Amendments to the Pleadings:

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.**

**(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:** None.

**(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

7.      **Filing Times for Motions:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below. All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).**

(a)     *Motions to Compel*:  before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)     *Summary Judgment Motions*:  The parties request a deadline of forty-five (45) days after the close of discovery as set forth in Section 10 (*infra*).

(c)     *Other Limited Motions*:  Refer to Local Rules 7.2; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)     *Motions Objection to Expert Testimony*: *Daubert* motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

(e)     *Motions to Amend Pleadings*:  The parties incorporate their response to Section 5(a), *supra*.

(f)  *Motion for Class Certification*:  Plaintiff requests a deadline of thirty (30) days after the close of the initial discovery period set forth in Section 10 (*infra*).  LGE does not believe that any variance from Local Rule 23(B) is warranted.

8.  **Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE: Your initial disclosures should include electronically stored information.  Refer to Fed. R. Civ. P. 26(a)(1)(B).**  The parties will exchange initial disclosures by October 21, 2019.

9.  **Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court?**  No.

The parties do not request a scheduling conference but, if the Court believes a conference would aid the Court in better understanding the parties' proposed schedule, the parties will gladly participate.

10.  **Discovery Period:**

**The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses**

**to initiated discovery must be completed before expiration of the assigned discovery period. Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing. Please state below the subjects on which discovery may be needed:**

By way of example, Plaintiff identifies the following subjects: (1) the nature of the relationship between Plaintiff and Defendant; (2) whether Defendant breached its contractual relationship with Plaintiff; (3) whether Defendant violated the Electronic Fund Transfer Act by failing to adequately disclose its practice of assessing overdraft fees based on available balance; (4) the time period during which the Defendant assessed overdraft fees even when a customer's account had a positive ledger balance, but their available balance was negative; (5) the uniformity, consistency, and/or systematic nature of Defendant's practices; (6) Defendant's record/data retention protocols; and (7) matters relating to whether a class or classes should be certified under Rule 23.

LGE anticipates seeking discovery on subjects including, but not limited to: (1) Plaintiff's claims in her First Amended Complaint, including for breach of contract and violation of the EFTA; (2) Plaintiff's basis for class certification; (3) Plaintiff's proposed class trial plan; (4) Plaintiff's alleged damages.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

With respect to fact and expert discovery, Plaintiff believes that a four-month discovery period is insufficient, given the complexity of this case and the volume of documents and electronically stored information. Therefore, Plaintiff requests an eight month discovery period to complete all discovery in this case. Within 30 days of the conclusion of this initial period, Plaintiff will file her motion for class certification.

Plaintiff proposes the following with respect to expert discovery: Plaintiff shall designate any experts and provide a copy of such experts' reports 90 days before the end of the discovery period. Within 30 days from this disclosure, Defendant shall depose any such experts. Defendant shall also designate any rebuttal experts they intend to offer, and provide a copy of the experts' reports,

within 30 days of completing the depositions of any experts identified by Plaintiff. Plaintiff shall depose such experts within 30 days of this disclosure. Plaintiff shall then have the right to designate any experts necessary to directly rebut the testimony of Defendant's expert(s), and to provide to Defendant the rebuttal report of any such expert(s), before moving for class certification. Defendant shall be entitled to depose such experts at any time before the deadline for filing their response to Plaintiff's motion for class certification.

Plaintiff proposes that the deadline for filing motions for summary judgment be 45 days after the close of discovery. The parties reserve the right to file motions for summary judgment before this deadline.

LGE believes that all discovery can be completed within 6 months, that discovery should not be conducted in phases and that the deadline for moving for summary judgment should be no later than 45 days after the completion of all discovery.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

**(a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?** Plaintiff requests 10

additional interrogatories beyond the limit of 25 imposed by F.R.C.P. 33(a)(1). LGE does not object to Plaintiff's request.

**(b) Is any party seeking discovery of electronically stored information?**

  X   Yes _____ No

**If "yes," (1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties agree to confer and work together to establish appropriate procedures and reasonable limitations on the source and scope of the production of electronically stored information. Plaintiff will circulate a proposed plan as to the discovery of electronically stored information. LGE will review and comment on such plan. In the unlikely event that the parties cannot resolve these issues via stipulation or stipulated order, they will seek Court involvement.

LGE will seek cost sharing in the event that Plaintiff seeks production of substantially all of LGE's member transactional data.

**(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or**

**.TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

These issues will be addressed in the plan Plaintiff presents to LGE as set forth in Section 11(b)(1), *supra*.

**12. Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

Plaintiff believes the Court should enter a scheduling order to govern fact and expert discovery and class certification consistent with the proposed schedule set forth in Section 10, *supra*. Pending entry of that order, Plaintiff asks that she be excused from Local Rule 23(B), which requires that a motion for class certification be filed within 90 days of the filing of the complaint.

LGE does not agree that Plaintiff's phased and prolonged discovery period is warranted in this case.

Also, at the appropriate time, the parties will submit a proposed consent protective order relating to the discovery of confidential information for the Court's consideration and approval.

The parties may also submit additional proposed case management orders for the Court's consideration.

**13. Settlement Potential:**

**(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on <u>September 13, 2019</u> and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

        **For Plaintiff – Lead Counsel:**  <u>/s/ E. Adam Webb</u>

        **Other Participants:**  G. Franklin Lemond, Jr.

        **For Defendant – Lead Counsel:**  <u>/s/ Brandon Wilson</u>

        **Other Participants:**

**(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

**(____) A possibility of settlement before discovery.**

**(_X_) A possibility of settlement after discovery.**

**(____) A possibility of settlement, but a conference with the judge is needed.**

**(____) No possibility of settlement.**

(c) Counsel (__x__) do or (____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is TBD.

(d) The following specific problems have created a hindrance to settlement of this case.

14. **Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

The parties (_X_) do not consent to having this case tried before a magistrate judge of this Court.

Completed form submitted this 8th day of October, 2019.

| | |
|---|---|
| */s/ E. Adam Webb* | HOWARD & HOWARD |
| E. Adam Webb | |
| G. Franklin Lemond, Jr. | */s/ Brandon J. Wilson* |
| WEBB, KLASE & LEMOND, LLC | Brandon J. Wilson |
| 1900 The Exchange, SE, Suite 480 | Stephen P. Dunn |
| Atlanta, Georgia 30339 | 450 West Fourth Street |
| (770) 444-9325 | Royal Oak, MI 48067 |
| (770) 217-9950 (fax) | (248) 645-1483 |
| Adam@WebbLLC.com | bjw@h2law.com |
| Franklin@WebbLLC.com | spd@h2law.com |
| | |
| Richard D. McCune | *Attorneys for Defendant* |
| McCUNE WRIGHT AREVALO, LLP | |
| 3281 East Guasti Rd, Suite 100 | |
| Ontario, California 91761 | |
| (909) 557-1250 | |
| rdm@mccunewright.com | |
| | |
| Taras Kick | |
| THE KICK LAW FIRM, APC | |
| 201 Wilshire Blvd, Suite 350 | |
| Santa Monica, California 90401 | |
| (310) 395-2988 | |
| taras@kicklawfirm.com | |

*Attorneys for Plaintiff*

* * * * * * * * * * * *

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

_____

_____

_____

IT IS SO ORDERED, this ___ day of _____, 2019.

_____
HONORABLE THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE