## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ———————————————— | ) | |
| CAROL TIMS, individually and on | ) | |
| behalf of all others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | |
| | ) | NO. 1:15-CV-04279-TWT |
| LGE COMMUNITY CREDIT UNION, | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————— | ) | |

## **STIPULATED CONFIDENTIALITY AGREEMENT**

For good cause shown, the Court hereby enters the following order governing the confidentiality of discovery materials.

1.     This Stipulated Confidentiality Agreement (the "Agreement") is entered into by and among the parties to this Action, through their respective counsel of record.  In entering into this Agreement the parties acknowledge that, through discovery, the above-named action is likely to involve the production of confidential, proprietary and/or private matter, for which special protection is warranted.  For purposes of this Agreement, the above-captioned action shall be referred to as "Action."

**SCOPE**

2.      The protections conferred by this Agreement cover confidential matter designated by the parties and non-parties pursuant to the terms of this Agreement.   All copies, excerpts, summaries, compilations, testimony, conversations, presentations, documents, or records that include, communicate, or reveal designated confidential matter are themselves deemed to constitute confidential matter of the same type whether or not marked or designated as such.

**DESIGNATING PROTECTED MATTER**

3.      Any party or non-party may designate as "Confidential" any document, response to discovery, or any other information that is not in the public domain and that the producing party or non-party believes in good faith to contain trade secrets or confidential product development, business, financial, strategic planning, security or customer information.   The fact that any matter has been designated by a producing party as Confidential shall not be construed as creating any presumption as to the confidentiality of such matter in the event of a motion challenging the confidentiality designation.

4.      A party or non-party designating matter as Confidential shall make a good faith determination that any matter designated as Confidential warrants protection hereunder.   Designations of matter as Confidential must be narrowly

tailored to include only matter for which there is good cause. Designations shall be made by stamping each designated page, if practicable, or otherwise by stamping the title page, CD, DVD, hard drive or other medium containing such designated matter; or as otherwise set forth herein. A party or non-party designating matter as Confidential shall furnish an index or log indicating by Bates number which documents, or portions thereof, have been designated Confidential within thirty (30) days following the designation of such matter.

5.     A party or non-party that makes original matter available for inspection need not designate it as Confidential until after the inspecting party has indicated which matter it would like copied and produced. During the inspection and prior to the designation and copying, all of the matter made available for inspection shall be considered Confidential.

6.     Any copies or reproductions, summaries, or other documents or media (e.g., electronic, video, or audio) that excerpt, contain or otherwise reveal the substance of (other than in non-confidential general terms) Confidential matter shall also be treated by the receiving party as Confidential matter pursuant to this Agreement.

7.     Deposition testimony and the transcripts and video recordings of depositions conducted during pretrial discovery in this litigation shall be treated as

Confidential for a period of fifteen (15) business days, or such different number of days as the parties may agree, after receipt of such deposition transcript and/or video recordings, to allow time for the deponent or counsel for that deponent, or any party or non-party or its counsel, to notify all parties of any Confidential matter.   A party or non-party to this Action may designate in writing, within fifteen (15) business days after receipt of the deposition transcript or video recording for which the designation is made, those pages of the transcript or portions of the recording to be treated as Confidential.  A party or non-party to this Action may also designate matter disclosed during a deposition as Confidential by so indicating on the record during the deposition.  Any other party to this Action may, but need not, object to such designation on the record.  After any designation made according to the procedure set forth in this paragraph, the designated matter shall be treated according to the designation until any dispute is resolved according to the procedures described in paragraph 15 below.

8.      A party may designate as Confidential matter produced by a non-party by providing written notice to all parties of the relevant Bates numbers or other identification within fifteen (15) business days after receiving such matter.

9.      Inadvertent production of or failure to designate any matter as Confidential shall not be deemed a waiver of the producing party's or non-party's

claim of confidentiality as to such matter, and the producing party or non-party may thereafter designate such matter as Confidential within fifteen (15) business days of the discovery of the inadvertent production or failure to designate.

## ACCESS TO AND USE OF PROTECTED MATTER

10.     All matter produced or exchanged in the course of this Action and not filed with the Court shall be used solely for purposes of the prosecution or defense of this Action.  Under no circumstances shall any matter produced or exchanged be used for any business, commercial, competitive or personal purposes, or for any other litigation.

11.     Absent the prior written consent of the parties in this Action, or upon prior Order of this Court obtained following notice to opposing counsel, Confidential matter (including any copies of, notes made from, or information contained in Confidential matter) shall only be disclosed to the following persons:

(a)     The Court, including court personnel;

(b)     Court reporters and their assistants, to the extent reasonably necessary for reporting of depositions, hearings and proceedings;

(c)     Any mediator selected by the parties to the Action or the Court to mediate the Action;

(d)     The attorneys of record in the Action, including the respective employees and personnel retained by such attorneys and/or law firms to whom it is necessary to disclose such matter in furtherance of the prosecution or defense of the Action, such as litigation assistants, paralegals, secretarial and other clerical personnel;

(e)     In-house counsel for a party to the Action, including legal assistants and other legal and clerical staff, to whom it is necessary to disclose such matter in furtherance of the prosecution or defense of the Action;

(f)     Vendors retained to assist in the Action by an attorney described in subparagraph (d) of this paragraph including, but not limited to, copying and reproduction services, provided they sign the "Acknowledgement and Agreement to be Bound" attached as Exhibit A to this Agreement before being shown Confidential matter, and provided further they do not retain any copies of any Confidential matter;

(g)     Authors, originators, or original recipients of the matter, as specifically reflected on the face of the matter;

(h)      Present and former employees, officers and directors of the party or non-party producing the Confidential matter;

-6-

(i)      Experts or consultants (whether testifying or non-testifying) retained by a party or counsel to the Action, provided the experts or consultants sign the "Acknowledgement and Agreement to be Bound" attached as Exhibit A to this Agreement before being shown Confidential matter;

(j)      Insurers of the defendant(s) in the Action; and

(k)      Individual parties to the Action, including management representatives of corporate parties.

The "Acknowledgements and Agreements to be Bound" that are required to be signed as provided in this paragraph and in the succeeding paragraph shall be retained by counsel for the party disclosing the Confidential matter and made available for inspection by the Court *in camera*, upon request by any party and a showing of good cause.

12.      Any persons receiving Confidential matter shall not reveal such matter to, or discuss such matter with, any person who is not entitled under this Agreement to receive such matter.  If a party or any of its representatives, including counsel, inadvertently discloses any Confidential matter to persons or counsel who are not authorized to use or possess such matter, the party shall (a) provide immediate written notice of the disclosure to the producing party, and, if different, to the designating party and the party whose matter was inadvertently

disclosed, (b) use its best efforts to retrieve all copies of the inadvertently disclosed matter, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Agreement, and (d) request such person or persons sign the Certification.  If a party or any of its representatives, including counsel, has actual knowledge that Confidential matter is being used or possessed by a person not authorized to use or possess that matter, regardless of how the matter was disclosed or obtained by such person, the party or its representative shall provide immediate written notice of the unauthorized use or possession to the party or non-party whose matter is being used or possessed.

13.     Any disclosure by a party or non-party of Confidential matter it produced and designated as such shall be in accordance with the terms and requirements of this Agreement.  Otherwise, the disclosed Confidential matter may be deemed by the Court to have lost its confidential status.

## PROTECTED MATTER SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

14.     If a court or government agency subpoenas or orders production of Confidential matter from a party to this Action, such party shall promptly notify counsel for the party or non-party who produced or designated the matter of the pendency of such subpoena or order and shall furnish counsel with a copy of said subpoena or order.  Such party shall also promptly inform in writing the party who

caused the subpoena or order to issue in the other litigation that some or all of the matter covered by the subpoena or order is subject to this Agreement.

## CHALLENGING CONFIDENTIALITY DESIGNATIONS

15.    If a party contends that any matter is not entitled to confidential treatment, the following procedures apply:

(a)    <u>Timing of Challenges</u>.  Unless a prompt challenge to a confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the Action, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

(b)    <u>Meet and Confer</u>.  A party that wishes to challenge a confidentiality designation must do so in good faith and by conferring directly, via voice-to-voice dialogue, email, letter or in person, with the designating party.  A request by the challenging party to meet and confer must be honored by the designating party within five (5) business days of the request being made.   In conferring, the challenging party must identify the matter that is subject to the challenge, the basis for its belief that the confidentiality designation was not proper, and give the designating party a reasonable opportunity to review the designated matter, to reconsider the circumstances and, if no change in designation is offered, to explain

the basis for the chosen designation.  Unless otherwise agreed, a response to any challenged designation must be received within ten (10) business days of the meet and confer between counsel.

(c)    Judicial Intervention.    A party wishing to challenge a Confidential designation may file a motion with the Court within thirty (30) days after receiving the response to the challenged designation that identifies the challenged matter and sets forth in detail the basis of the challenge.  The burden of persuasion on any such motion shall be on the party or non-party that has designated matter as Confidential.

16.    Notwithstanding any motion challenging the designation of matter as Confidential, all matter shall continue to be treated as they were designated and shall be subject to the provisions hereof unless and until one of the following occurs:

(a)    the party or non-party who claims that the matter is Confidential withdraws or changes such designation in writing; or

(b)    the Court rules the matter is not entitled to protection as Confidential matter.

## DURATION

17.     All provisions of this Agreement restricting the communication or use of Confidential matter shall continue to be binding after the conclusion of the Action (including any appellate review), until a designating party agrees otherwise in writing or a court order otherwise directs.   Upon conclusion of the Action, a party in the possession of Confidential matter, other than that which is contained in pleadings, correspondence and deposition transcripts, shall either:  (a) return such matter no later than sixty (60) days after conclusion of the Action to counsel for the producing party who provided such matter, or (b) destroy such matter upon consent of the producing party who provided the matter and certify in writing within sixty (60) days that the matter has been destroyed.

## INADVERTENT PRODUCTION OF
## PRIVILEGED OR PROTECTED MATTER

18.     Nothing herein shall be deemed to waive or limit any applicable privilege or work product or other protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of matter protected by privilege or work product protection.  If a party inadvertently produces matter that it later discovers, or in good faith later asserts, to be privileged or otherwise protected from disclosure, the production of that matter will not be presumed to constitute a waiver of any applicable privileges or other protection, provided the producing

party complies with this paragraph.  In such circumstances, the producing party must immediately notify in writing all parties to the Action of the inadvertent production and the basis for the privilege or other protection, and request in writing the return or confirmed destruction of the inadvertently produced privileged or protected matter.  Upon such notification, the parties shall treat the matter as privileged or protected unless and until the parties agree otherwise or the Court determines the matter is not privileged or protected.  Within ten (10) business days of receiving such notification, all receiving parties shall (a) return the matter to the producing party; or (b) confirm in writing to the producing party the destruction of all such matter, including all excerpts, summaries, compilations, and other documents or records that include, communicate or reveal matter claimed to be privileged or protected, or (c) notify the producing party in writing of the basis for its disagreement that such matter is privileged or protected from disclosure.  In the latter event only, the receiving party or parties may retain one copy of the matter asserted to be privileged for the sole purpose of responding to a motion by the producing party to deem the matter privileged or protected from disclosure and shall comply with (a) or (b) above with respect to all other copies of such matter and all other documents or records that include, communicate or reveal matter claimed to be privileged or protected.  Should the parties be unable to agree on

-12-

whether the matter is privileged or protected, the producing party shall file a motion with the Court within thirty (30) days of its receipt of the receiving party's notice of disagreement under (c) above, to deem the matter privileged or protected and to obtain the return of any copy of such matter still held by the receiving party.

## FILING PROTECTED MATTER

19.     All Confidential matter shall be efiled as a provisionally sealed filing in accordance with the procedures outlined in Appendix H of the Local Rules of the Northern District of Georgia.

20.     Any documents (including briefs), tangible things or information that contain Confidential matter that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court in accordance with the procedures outlined in Appendix H of the Local Rules of the Northern District of Georgia.

## MISCELLANEOUS

21.     The provisions of this Agreement may be modified at any time by stipulation of the parties, or upon noticed motion by a party to an Action for good cause shown.

22.     Nothing in this Agreement shall affect the right of any party or non-party to oppose any request for discovery on any ground permitted by the Federal Rules of Civil Procedure, and no party shall be deemed by virtue of this Agreement to have waived any right it otherwise would have to object to disclosing or producing any matter on any such ground.  Similarly, no party waives any right to object on any ground to the use in evidence of any of the matter covered by this Agreement.

23.     Nothing in this Agreement shall prejudice the right of any party or non-party to move the Court to broaden or restrict the rights of access to and use of particular matter, or to seek modification of this Agreement upon due notice to all other parties and affected non-parties.

24.     Nothing in this Agreement is intended to increase or to limit any preexisting duty of confidentiality, pursuant to contract or otherwise, that a party or non-party may owe each other with respect to any matter.

SO ORDERED, this 22nd day of November, 2019.


/s/ Thomas W. Thrash
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE


-14-

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____, [print or type full name], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Confidentiality Agreement (the "Order") ordered on _____ __, 2019 in the action entitled Carol Tims v. LGE Community Credit Union, Case No. 1:15-cv-04279-TWT (United States District Court for the Northern District of Georgia) ("Action"). I agree to comply with and to be bound by all the terms of that I solemnly promise that I will not disclose in any manner any matter of item that is subject to this to any person or entity except in strict compliance with the provisions of this. I understand and acknowledge that my failure to comply with the Order could expose me to sanctions and punishment in the nature of contempt. For the purpose of enforcing the terms of this Order, I further agree to submit to the jurisdiction of the United States District Court for the Northern District of Georgia, solely with respect to any action to enforce the terms of the Order, even if such enforcement proceedings occur after termination of the Action.

Date: _____

Home Address: _____

_____

City and State where sworn and signed: _____

Printed Name: _____

Signature:_____

-15-